*136 The opinion of the court was delivered by
TilghmAN, C. J.
As these two cases are the same in principle, they may be decided together. Wm. Flintham the appellant, is the administrator of the goods, &c. of Elizabeth Febiger, deceased, and the appellees Forsythe and wife, and L’ Amy and wife, obtained a decree, in the Orphan’s Court of Philadelphia, for a certain sum of money,' being the distributive share of the estate of the said E. Febiger, to which Mrs. Forsythe and Mrs: L’Amy were entitled. The first objection to the decree, was, that the Orphans’ Court had no jurisdiction, because the account settled by the administrator before the Register, was never brought before the Orphans’ Court. This objection has been abandoned, in consequence of a certiorari, by virtue of which, sundry papers were sent up to (his court, among which, is the account in question, and it appears that it was before the Orphans’ Court when they made their decree. It was then.objected, that the decree was irregular, because it was made while the administrator’s account was before auditors* to whom it had been referred by the court. To this it was answered, and, we think* satisfactorily, that the appellees never desired the account to be referred to auditors, being content with the settlement made before the Register; neither did the administrator desire it. But it was referred to auditors, at the request of some of the other heirs.of Mrs. Febiger. The ap-pellees brought suit in the District Court of the City and County of Philadelphia, against the administrator, and obtained a'verdict and judgment, for the amount due to them respectively, on the account as settled before the Register. The Orphans’ Court, therefore, had a right to decree in favour of the appellees, according to the settled account, which was- undisputed by either party. The appellant' could suffer no injury,, as this court would have rectified any error which he could show in the account. But in one respect, the Orphans’ Court went too far, for they decreed that the administrator should pay the costs of the suit in the District Court. 'In this we think they were wrong, for they had nothing to do with that judgment. They had a right to decree on the account before them, and had no right to order payment of costs incurred in another court. It may be well enough to mention, that it appears to have been the object of the appellees, by their proceedings in the Orphans’ Court, not to obtain payment by the process of that court, but to enable themselves to recover on a bond, which the administrator had given, with security, by order of the court, when he had obtained permission to sell part of the real estate, the condition of which bond was, that the proceeds of sale should be paid, according to the decree of the Orphans’ Court — so that without a decree, there would.have been difficulty in recovering on the bond. Upon the Whole, it is our opinion, that the decree of the Orphans’ Court should be reversed, so far as it orders, that the administrator *137 shall pay to the appellees, the costs of suit, in the District Court for the City and County of Philadelphia, to wit, the sum of 26 dollars and 50 cents, and that the residue of the said decree be affirmed.
Decree reversed as to the costs of suit, and affirmed as to the residue.